## STEBBINS v. SUTTON.

When parties have agreed that the deposition of a witness shall be taken and read on the trial, it must be read, although it appear by the deposition the witness was interested.

ON the trial of an action of assumpsit in the Circuit Court of Baldwin county, Pell B. Sutton recovered against

Stebbins
v.
Sutton.

JULY 1829.

Russell Stebbins, a judgment on a verdict for $1,000. The declaration was for goods sold, materials furnished towards the building of a steamboat, &c. The plea was the general issue. A bill of exceptions was taken by Stebbins, the matter of which is here assigned for error.

It appears by the record, that there had been a previous trial of the cause, in which one John Motley had been examined as a witness, that a new trial had been granted, and that at the same term the following entry was made of record, viz: "In this cause it is agreed that the deposition of John Motley, a witness for plaintiff, shall be taken this day before O. Sibley, clerk of this Court, without notice, and who it is agreed shall be considered as. authorized to administer an oath to the witness, and that said deposition shall be read in evidence upon the trial of this cause." Under this agreement, the deposition of Motley was taken, and was offered as evidence for the plaintiff on the second trial. It was objected to by the defendant, 1st, because by the evidence itself it appeared he was an interested witness; and 2d, because the evidence was irrelevant to the issue. The objections were overruled, and the evidence was read.

HITCHCOCK, for the plaintiff in error.

ACRE and PARSONS, for the appellee.

By JUDGE PERRY. In pursuance of the agreement, the deposition of the witness Motley was taken and read on the trial in the Court below, which was excepted to, and forms the ground of error insisted on in this Court; because as it is contended, the witness was directly interested in the event of the suit. Such interest has at all times excluded witnesses from giving testimony in Courts of justice, unless the parties by their agreement make such testimony legal. Have they done so? The strong language used in the agreement, that the deposition should be read in evidence upon the trial of the cause, is emphatic of the intention of the parties, that they intended to render the witness competent, whatever his interest might be; this construction, it is believed better protects the rights of the parties and preserves the rules of law, than any other that can be given to the agreement; because it may fairly be inferred from the record, that both parties knew what the testimony of the witness would be, previous to the agreement, as the defendant below, in an affidavit for a new

trial previous to the agreement, alleged surprise in consequence of the witnesses testimony. But it is contended, that a consent to take a deposition is always to be construed subject to legal exceptions as to the competency of the witness, unless the record shews that the opposite party has expressly waived the point. The construction contended for might well be conceded, had the agreement gone no further than the mere taking of the deposition; but there, the parties do not stop there, they go further and say the deposition shall be read on the trial, which waives all exceptions to the deposition, unless it be true as contended in the second place by the plaintiff's counsel, that the testimony was irrelevant to the issue. Under this objection it may be necessary to consider the effect of the witnesses testimony. It then proves that the witness, while in the employ of the plaintiff in error, received goods of the defendant, which were appropriated to the plaintiff's use in the payment of his workmen; that Stebbins, in making out the bills of his workmen, charged them with the goods got from Sutton. This testimony then, created an obligation upon Stebbins to pay for the goods he had thus appropriated to his own use, and tended, to say the least of it, to prove the issue between the parties, in accordance with the rule of law that every thing which tends to prove the issue between the parties is admissible upon the trial. This last view of the case it is believed, entirely rids it of the statute of frauds. We are therefore of opinion, that the judgment of the Court below should be affirmed.

By JUDGE TAYLOR. In this case the decision must turn entirely on the construction of the agreement between the parties, relative to the deposition of the witness, Motley. That this witness was interested and incompetent is clearly proved by his own testimony, and put beyond all doubt by the written contract between him and the plaintiff in error. He was liable to Sutton unless a recovery could be effected in this action, and therefore interested in securing such recovery by his testimony.

The agreement by which it was determined by the Circuit Court that the defendant Stebbins was precluded from objecting to the competency of the testimony of Motley, was made in open Court, and it must be presumed, by the attornies for the respective parties, as the entry is as all are which are thus made, without the signatures of the parties, and without any expression that the plaintiff and

defendant appeared in their proper persons, &c. If then, this was an arrangement made between the counsel, what must have been their object? It has been contended in argument, that it was a condition upon which the new trial was granted. If so, it should have been evidenced by the record; but nothing to this effect is found there. It was a voluntary agreement gratuitously made by the counsel for the defendant. It appears to me to be a most unreasonable construction, to determine that the defendant's counsel intended that the rights of his client should be compromitted, nay sacrificed by the introduction of illegal and incompetent testimony. By the law, it is necessary for a party who wishes to procure the deposition of a witness, to make oath to his materiality, sue out a dedimus, give notice of time and place to the opposite party, &c. By determining that this agreement does not contain a stipulation that the deposition should be used on the trial, whether the testimony should be legal or illegal; is this agreement nullified? Far from it, it effects much; all that an intelligent and honest attorney can be supposed even to intend to grant, without express words, showing beyond doubt that he grants more. All the pre-requisites of making the affidavit, suing out the dedimus, giving the notice, &c. are dispensed with; in addition to all which, the clerk is authorized to act as commissioner and to administer the oath to the witness. Then this agreement grants much to the plaintiff, in whose behalf this deposition was taken, which the defendant's counsel might legitimately grant, without jeopardizing the rights of his client.

It is insisted however, that the intention of the parties is made plain by its appearing in the record, that the witness had testified upon a former trial in the cause. This does not convince my mind. On that trial, his interest and consequent incompetency may not have occurred to the defendant's counsel, or if he was objected to on that ground, the objection may have been overruled.

To me it appears plain that it was only intended by this agreement to place the plaintiff, Sutton, in as good a situation as the personal presence of the witness would do at the trial, not a better. It is a common form of expression to add to the conclusion of notices for taking depositions &c. that they will be read on the trial of the cause, it is often appended to agreements made between counsel; yet I never knew it contended before, that no matter how illegal the testimony, still it was to be read,

JULY 1829.

Stebbins
v.
Sutton.

but always understand that no objection to competency is thereby waived.

It has been asked, "suppose the agreement had authorized the deposition of a party to be taken." This is no illustration. In that case the words upon which so much stress is laid in this instance could give no additional effect to the agreement. When it is agreed that a party shall give his deposition, it must be understood as conceding a right, because all know it cannot be done without such agreement; and because it will be presumed the parties had some object in view. But if counsel could be so reckless of the interest of their clients as to make such an agreement, would the Court permit it to be carried into execution, if objected to on the trial? Would not the authority of the Court be interposed when it was seen that an attorney was betraying the trust confided to him? Most certainly. Then in the present instance, I cannot agree to a construction which places counsel in such an attitude, particularly when he is known to have been a man of integrity; and even were the agreement more explicit in evidencing an intention thus to compromise the interest of a party, without its appearing that he had been consulted on the subject, I much doubt the propriety of permitting his rights to be thus sacrificed. In my opinion the judgment should be reversed, and the cause remanded.

Judgment affirmed.

The CHIEF JUSTICE presided below, and did not sit.